# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

TANER ORAN,

    Plaintiff,

v.

FAIR WIND SAILING, INC., et. al.

    Defendants.

CIVIL ACTION

No. 08-0034

## MEMORANDUM

BUCKWALTER, S.J.                                                                                  October 5, 2009

Currently pending before the Court is the Motion of Defendants Robertson and Caine, Pty., Ltd. and John D. Robertson to Dismiss for Lack of Personal Jurisdiction and the Response in Opposition of Defendants' Motion by Plaintiff Taner Oran. For the reasons stated below, the Defendants' Motion to Dismiss is denied.

## I.    FACTUAL AND PROCEDURAL HISTORY

This Motion to Dismiss for Lack of Personal Jurisdiction arises out of Plaintiff's claim for relief due to injuries he suffered when he slipped and fell on bench cushions aboard a Robertson and Caine, Pty., Ltd. manufactured, forty-five-foot Leopard Catamaran ("Leopard Catamaran"). (See. Am. Compl. ¶¶ 5, 9, 11.) The Leopard Catamaran at issue is owned and operated by co-Defendants Fair Wind Sailing, Inc. and BFM Sailing, LLC[1] (collectively "Fair

---

[1] Fair Wind Sailing Defendants contend that BFM Sailing, LLC's proper title is BFM Sailing I, LLC (See Fair Wind Sailing Defs.' Answer Intro., May 26, 2009). However, a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) requires the court to accept as true the allegations of the pleadings and all reasonable inferences therefrom, and to resolve all factual disputes in favor of the plaintiff. Pinker v. Roche Holdings

Wind Sailing Defendants") in the territorial waters of the United States Virgin Islands and the British Virgin Islands. (Id. ¶¶ 2-3, 9-10.) At the time of his injury, Plaintiff was participating in the Fair Wind Sailing Defendants' Virgin Islands-based sailing school. (Id. ¶¶ 2-3.)

In his Second Amended Complaint filed on April 2, 2009, Plaintiff – a resident of the United States Virgin Islands – asserts both negligence and product liability claims against Florida resident John D. Robertson and the South African business entity, Robertson and Caine Pty., Ltd., that Mr. Robertson formed and operates (John D. Robertson and Robertson and Caine Pty., Ltd. hereinafter are collectively referred to as "Moving Defendants"). (Id. ¶ 2.) On June 4, 2009, Moving Defendants entered a special appearance for contesting service and jurisdiction, and filed a Fed. R. Civ. P. 12(b)(5) Motion to Dismiss for Insufficient Service of Process in response to Plaintiff's Second Amended Complaint. (Docket No. 74.) On June 12, 2009, Plaintiff filed an Opposition to the Motion to Dismiss for Insufficient Service of Process. (Docket No. 75.) Then, on June 16, 2009, the Court issued an order denying Moving Defendants' Fed R. Civ. P. 12(b)(5) Motion. (Docket No. 77.)

The next month, on July 1, 2009, Moving Defendants entered another special appearance for the purpose of contesting jurisdiction and filed a second motion to dismiss, this time a Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. (Docket No. 78.) Plaintiff filed his Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction on July 9, 2009. (Docket No. 82.) Shortly thereafter, on July 14, 2009, Moving Defendants filed a Reply in Support of their Motion to Dismiss for Lack of Personal Jurisdiction. (Docket No. 84.) The Court now turns to a discussion of these motions.

---

Ltd., 292 F.3d 361, 368 (3d Cir. 2002); see FED. R. CIV. P. 12(b)(2). Thus, for the purposes of this decision, the Court relies on the facts and allegations presented in Plaintiff's filings.

## II. DISCUSSION

The filing of successive 12(b) pre-answer motions prompts the Court to consider whether under the Federal Rules of Civil Procedure Moving Defendants waived their right to raise a lack of personal jurisdiction defense. Plaintiff contends that the Federal Rules prohibit Moving Defendants from filing a 12(b)(2) motion to dismiss for lack of personal jurisdiction after the Court had already denied a separate and previously filed 12(b)(5) motion to dismiss for insufficient service. (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss § II.A, July 9, 2009.) Contrarily, Moving Defendants argue that although "their primary thrust [in their Motion titled, 'Motion of Defendants . . . To Dismiss For Insufficient Service of Process'] was for challenges to the manner and sufficiency of service of process, pursuant to Fed. R. Civ. P. 12(b)(5)[,]" this very Motion raised "their challenge to the Court's jurisdiction in all respects[.]" (Defs.' Reply Mem. of Law § A, July 14, 2009.) Pursuant to Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1) and relevant Third Circuit caselaw, the Court finds that Moving Defendants waived their right to assert a lack of personal jurisdiction defense under the Federal Rules when they did not include that defense in their 12(b)(5) motion to dismiss for insufficient service. See FED. R. CIV. P. 12(g)(2), (h)(1); Myers v. American Dental Ass'n, 695 F.2d 716, 720 (3rd Cir. 1982).

Federal Rules of Civil Procedures (12)(g)(2) and 12(h)(1) work in tandem to specify when a Defendant may raise – or for that matter, waive – certain defenses under Rule 12. See FED. R. CIV. P. 12(g)(2), (h)(1); McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) (analyzing the interplay of Rules 12(g)(2) and 12(h)(1)). Federal Rule of Civil Procedure 12(g), "[a]lmost since its adoption, has been understood to require a party moving under Rule 12 before submitting a responsive pleading to consolidate all Rule 12 defenses and objections that are 'then available' to the party," with the exceptions to this general rule specified

in 12(h)(2) and (3).[2] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d. ed. 2009); FED. R. CIV. P. 12(g)(2). To enforce the consolidation requirements of Rule 12(g)(2), Federal Rule of Civil Procedure 12(h)(1) then provides – in substance – that if a party files a 12(b) pre-answer motion and fails to raise the threshold defenses of lack of personal jurisdiction, improper venue, insufficient process, or insufficient service of process (the defenses listed in 12(b)(2)-(5)), then "the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise." Myers, 695 F.2d at 720; accord McCurdy, 157 F.3d at 194 (supporting this conclusion within the Third Circuit and drawing additional support from other circuits); WRIGHT & MILLER, supra, § 1391. When no such pre-answer motion is made, Rule 12(h)(1) renders these defenses (12(b)(2)-(5)) waived if they are not asserted in the responsive pleading or in an amendment as of right to that pleading under Rule 15(a). Konigsberg v. Shute, 435 F.2d 551, 551 (3d Cir. 1970) (concluding that defendant waived lack of personal jurisdiction defense by not raising it by pre-answer motion or in the answer itself); 5C WRIGHT & MILLER, supra, § 1391.

In the case at hand, Moving Defendants' filing of a 12(b)(5) motion to dismiss for insufficient service followed by a separate 12(b)(2) motion to dismiss for lack of personal jurisdiction runs squarely up against the provisions of Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1). See FED. R. CIV. P. 12(g)(2), (h)(1); McCurdy, 157 F.3d at 194. After Moving Defendants filed a 12(b)(5) motion to dismiss for insufficient service and the Court had already denied that motion, Moving Defendants forfeited their ability to contest the Court's exercise of personal jurisdiction over them. Myers, 695 F.2d at 720; Konigsberg, 435 F.2d at 551;

---

[2]Federal Rules of Civil Procedure 12(h)(2) and 12(h)(3) preserve the defenses of failure to state a claim upon which relief can be granted, join a person required by Rule 19(b), state a legal defense to a claim, as well as lack of subject matter jurisdiction. FED R. CIV. P. 12(h)(2), (h)(3).

Duchesneau v. Cornell Univ., No. Civ.A.08-4856, 2009 WL 533064, at *8 (E.D. Pa. March 3, 2009) (concluding that by moving for "dismissal solely due to improper venue pursuant to 12(b)(3)[,]" defendant "waived any challenge to personal jurisdiction."). Accordingly, Moving Defendants also have waived their ability to contest venue (Fed. R. Civ. P. 12(b)(3)) and insufficient process (Fed. R. Civ. P. 12(b)(4)).

Moving Defendants' contention that their motion to dismiss for insufficient service serves as a blanket challenge to the Court's assertion of jurisdiction, even including objections as to venue and personal jurisdiction, lacks support. See Myers, 695 F.2d at 720, n.3 (rejecting "as bootstrap" defendants' contention that their motion pertaining to venue "expressly or implicitly raised the issue of [personal] jurisdiction"). Moreover, Moving Defendants' motion – "Motion of Defendants Robertson and Caine, Pty, Ltd. and John D. Robertson to *Dismiss for Insufficient Service of Process*" – remains true to its title and makes no mention of any other defense than 12(b)(5). (Defs.' Mot. to Dismiss, June 4, 2009.) (emphasis added). Thus, Moving Defendants' first motion to dismiss evinces no defense apart from that of insufficient service of process, and results in Moving Defendants' waiver of any putative personal jurisdiction defense.

## III. CONCLUSION

In sum, the Court concludes that Moving Defendants waived their ability to object to this Court's exercise of personal jurisdiction over them in regards to the Plaintiff's claim for relief. Moving Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is, therefore, denied.

An order follows.